STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. GEORGE C. RILEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 3, 1968—Decided June 17, 1968.

Before Judges SULLIVAN, FOLEY and LEONARD.

*Mr. Joseph N. Dempsey* argued the cause for appellant.

*Mr. Thomas L. Yaccarino,* Assistant Prosecutor, argued the cause for respondent (*Mr. Vincent P. Keuper,* Monmouth County Prosecutor, attorney).

PER CURIAM. Following a jury trial defendant was convicted on four counts of a six-count indictment. More specifically, he was found guilty of having twice raped one Cynthia Lee Larimer, *N. J. S.* 2*A* :138–1, unlawful use of a dangerous weapon against that person, *N. J. S.* 2*A* :151–56, and unlawful use of a dangerous weapon against Barry D. Zall. He appeals.

Initially, defendant argues that an incriminatory statement made by him should not have been admitted for lack of proof of voluntariness. This contention derives from defendant's thesis that he was not given the four-fold warnings required by *Miranda v. Arizona,* 384 *U. S.* 436, 86 *S. Ct.*

1602, 16 *L. Ed.* 2*d* 694 (1966), before his statement was taken. Hence, argues defendant, it was not voluntary.

When the issue of voluntariness was raised at the trial the court properly conducted a hearing out of the presence of the jury. The testimony then offered by the State, and not contradicted, clearly established that the *Miranda* warnings were plainly given and that defendant understandingly waived the rights which he is accorded under *Miranda*. The trial court so held.

Defendant's second point is that his arrest and the search of his automobile were illegal because they resulted from a wiretap. In the course of investigating a series of rapes in Monmouth County, Detective Scott of the Red Bank Police Department tapped the telephone of one of the rape victims Miss Tomiano who, following the rape, had received telephone calls from the rapist. The tap was made with the victim's knowledge and consent. By monitoring this girl's calls, when the rapist telephoned on March 30, 1965, Detective Scott, with the assistance of a telephone company employee, was able to ascertain the location of the phone station from which the call was being made. Detective Scott also recognized the voice of the caller as that of the defendant, a person long familiar to him. Scott immediately called State Policeman King, who was stationed at the Eatontown telephone trunk station, and informed him of the location of the phone station from which the call was being made. (On a previous call from the rapist the police were able to ascertain that it came from the Eatowntown area.) King and Lt. Fowler of the Eatontown Police Department immediately went to the phone station in question and found defendant in the phone booth still talking over the telephone. No part of the telephone conversation between defendant and Miss Tomiano was offered in evidence.

Fowler advised Riley that he was being taken into custody and Riley is quoted as saying that he "didn't have to answer any questions." Defendant was taken to an area to the rear of the store where he identified an automobile as being his.

The officers examined the car. They saw a ski mask laying on the floor on the passenger side. From the other side a double barrel shotgun was observed sticking out from under the front seat at a point somewhere in the center of the vehicle. The car was placed under guard while a search warrant was secured from the Eatontown Magistrate. Execution of this warrant yielded the following properties: (1) a hooded sweatshirt; (2) shotgun shells; (3) gloves; (4) two ski masks; (5) a woman's slip; (6) two coverall type jackets; (7) a double barrel shotgun sawed off.

The case is readily distinguishable from *Katz v. United States*, 389 *U. S.* 347, 88 *S. Ct.* 507, 19 *L. Ed. 2d* 576 (1967) on which defendant relies. In *Katz* the receiver did not authorize the installation of the electronic listening device. Here, such authorization by the receiver was given. We find no error.

Defendant's remaining points have been fully considered but are without substance and require no discussion.

Affirmed.